IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CR-24-FL-1
No. 4:16-CV-34-FL

|  |  |  |
|---|---|---|
| DEJUAN FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 47, 57), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate.

## BACKGROUND

On December 10, 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to distribution of 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). On August 8, 2014, this court sentenced petitioner to 132 months' imprisonment. Petitioner did not appeal his judgment.

On March 30, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in Johnson, 135 S. Ct. at 2551, he no longer qualifies as a career offender under U.S.S.G. § 4B1.1. On June 14, 2016, petitioner's appointed counsel filed an amended motion, arguing that petitioner's North Carolina convictions

for fleeing or eluding arrest with a motor vehicle and assault on a law enforcement officer with a firearm are no longer valid predicate convictions for the career offender enhancement after the residual clause was voided in <u>Johnson</u>.[1] Petitioner concludes that he is no longer a career offender, and his sentence was improperly enhanced.

On July 19, 2016, this court stayed the case pending the Supreme Court's final decision in <u>Beckles v. United States</u>, 15-8544. On March 14, 2017, this court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). Both petitioner and the government have responded.

## COURT'S DISCUSSION

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." <u>Id.</u> § 2255(b).

B.      Analysis

Prior to <u>Johnson</u>, an offense  was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to

---

[1] Petitioner's counsel was appointed pursuant to Standing Order 15-SO-02.

another." 18 U.S.C. § 924(e)(2)(B). In <u>Johnson</u>, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

In this case, petitioner relies on <u>Johnson</u>'s reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." <u>Beckles</u>, 137 S. Ct. at 894. Thus, because petitioner may not rely on <u>Johnson</u>'s reasoning to attack his career offender designation, the instant motion must be denied.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 47, 57). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge
